*Zhunio Carchipulla v. Blanche*

BIA
Straus, IJ
A208 810 541/546

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-six.

PRESENT:
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> > *Circuit Judges.*

---

FLAVIA MATILDE ZHUNIO CARCHIPULLA,
JOSE LUCIANO SUQUI CARCHIPULLA,
> *Petitioners*,

v.                                                            24-3348

TODD BLANCHE, ACTING UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*\*

---

FOR PETITIONERS:                          Jon E. Jessen, Law Offices of Jon E. Jessen, LLC, Stamford, Connecticut.

---

\*   The Clerk of Court is respectfully directed to amend the caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

FOR RESPONDENT:                         Brett A. Shumate, Assistant Attorney
                                        General; Sarah A. Byrd, Senior Litigation
                                        Counsel; Brooke M. Maurer, Trial Attorney;
                                        Office of Immigration Litigation, United
                                        States Department of Justice, Washington,
                                        DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Flavia Matilde Zhunio Carchipulla and Jose Luciano Suqui Carchipulla, natives and citizens of Ecuador, seek review of a December 10, 2024 decision of the BIA, affirming a January 21, 2021 decision of an Immigration Judge ("IJ"), which denied their applications for cancellation of removal. *In re Zhunio Carchipulla & Suqui Carchipulla*, Nos. A 208 810 541/546 (B.I.A. Dec. 10, 2024), *aff'g* Nos. A 208 810 541/546 (Immig. Ct. Hartford Jan. 21, 2021). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Our jurisdiction to review a denial of cancellation of removal is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 596 U.S. 328, 336–40 (2022). A question of law may arise if the agency applies the wrong legal standard, *see Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008), or "overlook[s]" relevant evidence or "seriously mischaracterize[s]" the record, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (per curiam). The application of the hardship standard to established facts is also a reviewable question of law. *Wilkinson v. Garland*, 601 U.S. 209, 224–25 (2024). However, the underlying factual findings are unreviewable. *Id.* at 225; *accord Penaranda Arevalo v. Bondi*, 130 F.4th 325, 337–38 (2d Cir. 2025).

2

"We review constitutional claims and questions of law *de novo*." *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023). Moreover, we recently held that we review mixed questions of law and fact with respect to the hardship determination for clear error. *See Toalombo Yanez v. Bondi*, 140 F.4th 35, 40–45 (2d Cir. 2025).[1] Subsequent to our decision in *Toalombo Yanez*, the Supreme Court held that, as to the agency's determination of whether an asylum applicant has established persecution, both factfinding and the application of the law to the facts are reviewed for substantial evidence. *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026).[2] However, we need not resolve here the impact, if any, of *Urias-Orellana* on our holding in *Toalombo Yanez* because we conclude that Petitioners' arguments with respect to the hardship determination fail under either standard.

An applicant bears the burden to establish statutory eligibility for cancellation of removal, 8 U.S.C. § 1229a(c)(4)(A)(i), by showing, as relevant here, "that removal would result in exceptional and extremely unusual hardship to" their three U.S.-citizen children, *id.* § 1229b(b)(1)(D). "Exceptional and extremely unusual hardship" is "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001). Relevant factors include "the ages, health, and circumstances" of the qualifying relatives, and "[a] lower standard of living or adverse country conditions in the country of return are factors to consider . . . insofar as they may affect a qualifying relative, but [they] generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Id.* at 63–64. The factfinder should assess "all

---

[1] Under the clear error standard, "[a] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. at 44 (internal quotation marks and citation omitted).

[2] Under the substantial evidence standard, agency findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id*. at 850 (internal quotation marks and citation omitted).

hardship factors . . . in the aggregate." *Id.* at 64.

Petitioners assert that relocation to Ecuador would cause the requisite hardship because of their children's medical conditions and educational needs. With respect to their daughters' eczema, the IJ stated that "the severity of the condition is unclear," but noted that eczema is "not an uncommon condition," and found "insufficient evidence to show that [the] medication is especially expensive or can't be found in Ecuador." Certified Administrative Record ("CAR") at 52. This conclusion is a quintessential factual finding that we may not review. *See Wilkinson*, 601 U.S. at 225 (listing the "seriousness of a family member's medical condition" as an example of an unreviewable agency determination). To the extent Petitioners assert that the IJ committed an error of law by overlooking relevant factors with respect to the hardship determination and evidence related thereto, we disagree. As a threshold matter, the IJ explicitly referenced country conditions evidence and medical records. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Moreover, the documents submitted by Petitioners on those issues are not particularly relevant: the country conditions evidence does not address the availability and cost of eczema medication, and the medical records show that both daughters usually manage their conditions with over-the-counter ointments, though occasional flare-ups require prescription steroids. *See Mendez*, 566 F.3d at 323 ("[T]he agency does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy.").

We are similarly unpersuaded by Petitioners' argument that "the Board and the IJ failed to consider how the children's education would be impacted if forced to relocate with their parents to Ecuador." Petitioners' Br. at 18. The IJ's decision demonstrates that he considered the impact

4

on the children's education, specifically stating that "[t]here would be[] a different culture, language, and educational system," but noting that the children (1) would have their parents and family for assistance, and (2) had no learning or mental health disabilities, despite a psychologist's letter. CAR at 52–53; *cf. In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63 (holding that "compelling special needs in school" may qualify as exceptional and extremely unusual hardship). Given these unreviewable factual findings, and Flavia's testimony that both daughters had some knowledge of Spanish, we are not left with a "definite and firm conviction" that the hardship Petitioners' children would face rises to the level of exceptional and extremely unusual hardship, *Toalombo Yanez*, 140 F.4th at 44, nor is there a basis for holding that the record compels a conclusion contrary to the agency's determination, *see Urias-Orellana*, 146 S. Ct. at 851.

Finally, Petitioners briefly assert that the agency failed to consider all hardships in the aggregate, but they do not identify factors beyond those discussed above or cite evidence that the IJ overlooked. *See Barco-Sandoval*, 516 F.3d at 40; *Mendez*, 566 F.3d at 323. Furthermore, the IJ's decision indicates that he considered the overall impact relocating to Ecuador would have on the children. Petitioners' claim that the agency violated their due process rights is a reiteration of this same argument and likewise fails because they do not point to any basis to find that they were "denied a full and fair opportunity to present [their] claims" or "that the IJ or BIA otherwise deprived [them] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (citation omitted).

\*　　　　\*　　　　\*

Accordingly, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5